UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST et al., | CASE NO. 2:21-cv-00988-TL |
| Plaintiffs, | MINUTE ORDER |
| v. | |
| START 2 FINISH COATINGS INC. et al, | |
| Defendants. | |

The following Minute Order is made at the direction of the Court, the Honorable Tana Lin, United States District Judge:

(1)  On October 22, 2021, the parties filed a Stipulated Discovery Plan that, in part, jointly proposed a schedule for the remainder of the case. Dkt. No. 21. The case was subsequently reassigned to this Court on December 13, 2021. *See* Dkt. Entry from Dec. 13, 2021.

(2)  No scheduling order has been issued in the case. A number of the proposed dates in the Stipulated Discovery Plan have now lapsed, including deadlines for the parties'

1    initial disclosures, expert witness disclosures, and a joint interim status report from

2    the parties. Dkt. No. 21, at 3–5.

3    (3)  On November 29, 2021, the Clerk of the Court entered default against Defendants

4    Start 2 Finish Coatings, Inc. and Brian Wood (the "Default Defendants"), upon

5    motion by Plaintiffs. Dkt. Nos. 24, 25.

6    (4)  On March 4, 2022, Defendant Brian Wood (on behalf of himself and Start 2 Finish

7    Coatings, Inc.) contacted the Court, by *ex parte* communication, requesting an

8    "extension," presumably meaning the setting aside of the entry of default against the

9    Default Defendants and granting them an extension of time to respond to the

10   complaint. Mr. Wood was advised that *ex parte* communications are disfavored in

11   this Court and that he may file a formal motion with the Court requesting relief for

12   the Court to consider his request. There has been no further action taken by the

13   Default Defendants in this case, to the Court's knowledge.

14   (5)  The Court is now prepared to move forward with scheduling the case for trial. Given

15   the passage of time since the parties' Stipulated Discovery Plan and Mr. Wood's

16   recent contact, however, the Court first requests an updated joint status report from

17   the parties.

18   (6)  Accordingly, the parties are DIRECTED to file an amended joint status report **within**

19   **fourteen (14) days of this Order**. The amended joint status report must address all

20   the topics set forth in Federal Rule of Civil Procedure 26(f)(3) and Local Civil Rule

21   26(f).

22   (7)  In line with the Court's standard practice, the amended joint status report shall also

23   include the parties' updated positions on the following:

24        (a)  A statement of the nature and complexity of the case.

(b) Whether the parties consent to assignment of this case to a full-time U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Magistrate Judge Rule 13, to conduct all proceedings.

(c) A proposed deadline for joining additional parties.

(d) The date by which discovery will be completed.

(e) Whether the case should be bifurcated in some way.

(f) Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2, any Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1, or any other suggestions for shortening or simplifying the case.

(g) The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan. If the parties will be proposing a trial date more than fourteen months from the date of the filing of the Joint Status Report, the parties shall include in this section of the report an explanation as to why the additional time is required.

(h) Whether the trial will be a jury or non-jury trial.

(i) The number of trial days required.

(j) The names, addresses, and telephone numbers of all trial counsel.

(k) The dates on which trial counsel may have conflicts or other complications to be considered in setting a trial date.

(l) Whether any party wishes to have a scheduling conference in advance of the Court's entry of a scheduling order in the case.

(m) List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1.

(n) A certification that all counsel and any *pro se* parties have reviewed Judge Lin's Chambers Procedures, the Local Civil Rules, General Orders, and the applicable Electronic Filing Procedures.

(o) A certification that all counsel and any *pro se* parties have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

(8)  The Default Defendants shall also state in the joint status report whether they intend to move to set aside the entry of default and what steps they have taken to date, if any, to pursue such action. The Default Defendants are reminded that Start 2 Finish Coatings Inc., as a business entity, cannot proceed *pro se* and must be represented by an attorney under the Local Civil Rules of the Western District of Washington unless it is a sole proprietorship. *See* Local Civil Rule 83.2(b)(4).

(9)  If the parties are unable to agree on any part of the amended joint status report, they may answer in separate paragraphs. No separate reports are to be filed.

(10) The Clerk is DIRECTED to forward a copy of this Order to all counsel of record and to also send a copy of this Order to *pro se* Defendants Mr. Brian Wood and Start 2 Finish Coatings Inc. *via* mail and email, at: Mr. Brian Wood, 24424 W. Wellesley Ave., Otis Orchard, WA 99027-9766; and bwstart2finish@gmail.com.

MINUTE ORDER - 4

1    Dated this 8th day of April 2022.

2

3                                    s/ Ravi Subramanian
                                        Clerk of the Court

4

5                                    s/ Kadya Peter
                                        Deputy Clerk

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24